Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Alexsis, Inc., is the compensation carrier on the risk.
4. Plaintiff's average weekly wage is as set forth on the Form 22 (wage chart).
5. Plaintiff is alleging an injury by accident that occurred on 22 June 1995, resulting in an injury to her back.
6. The defendant-employer has denied liability.
7. The issues to be determined by the Commission are 1) whether plaintiff suffered an injury by accident or a specific traumatic incident, 2) whether proper notice was provided, and 3) what are the compensable consequences if this claim is found to be compensable.
Based upon the evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Plaintiff had a history of back pain before the alleged incident on 22 June 1995. On that date, plaintiff reported to her employer that she had chest pain. Plaintiff took a leave of absence with no pay from 22 June 1995 through 30 June 1995.
2. On 22 June 1995, plaintiff saw Carlos de la Garza, M.D., and reported "excruciating" chest pain. At this visit, plaintiff did not mention any back pain or job-related incident. Dr. de la Garza's initial concern was that plaintiff was suffering from an acute myocardial infarction, or heart attack, which was thereafter eliminated as a diagnosis. Dr. de la Garza later related plaintiff's symptoms to the onset of increased back pain which occurred on 27 December 1994.
3. Plaintiff saw Dr. de la Garza again on 24 June 1995. Plaintiff still did not report any on-the-job injury.
4. As early as 11 June 1992, plaintiff had received medical treatment for chest and neck pain. On 7 July 1993, plaintiff saw Dr. de la Garza for left sided chest pain, which developed as she pulled weeds in her yard.
5. On 27 December 1994, plaintiff saw Dr. de la Garza for back pain. As quoted by Dr. de la Garza, plaintiff stated, "I have a back problem again. I have had a back problem for years. Now it's hurting in my left side, going down into my left hip." According to the history from Dr. De la Garza, plaintiff reported that she had not been pain free "in quite awhile."
6. On 25 January 1995, 14 March 1995, and 22 March 1995, plaintiff was seen by Dr. de la Garza for complaints of left flank pain. On 19 June 1995, three days prior to her alleged injury, plaintiff presented to Dr. de la Garza with abdominal pain which occasionally radiated to her left buttocks.
7. On 9 August 1995, plaintiff was referred to P. E. Brown, M.D., orthopaedic surgeon, for pain in her left side and leg. In her patient history form and her discussions with Dr. Brown, plaintiff did not identify any specific injury or aggravating event that attributed to her problems.
8. On 20 September 1995, plaintiff first notified her employer of the alleged injury by accident. A Form 18 was filed on 5 October 1995.
9. After considering the medical evidence in light of the evidence as a whole, the Full Commission finds that plaintiff's incident of pain on 22 June 1995 and her subsequent disability were not caused by any work-related injury or specific traumatic incident, but resulted solely from preexisting L4-5 disc problems and other degenerative changes.
***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On or about 22 June 1995, plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of her employment with defendant. G.S. §97-2(6).
2. Plaintiff is not entitled to compensation under the Act. G.S. § 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is DENIED.
2. Each side shall pay its own costs.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER